[Civ. No. 3306. First Appellate District, Division One.—May 1, 1920.]

H. G. WILLITS, Administrator, etc., Respondent, v. EMMA L. HELMER et al., Defendants; BERTHA HELMER, Appellant.

[1] TRUSTS — ACTION TO ESTABLISH — EVIDENCE — FINDING.—In this action brought to have it determined that the defendants held certain real property which, it was alleged, had been purchased with funds belonging to the plaintiff and to have a trust thereon declared in his favor, in which the defendants claimed that the property in question was purchased with moneys belonging to them before they came to this state, the testimony of the defendants was so surrounded with the elements of uncertainty, improbability, and suspicion that the trial court was justified in disregarding it and in finding that at the time they came to this state they had no property of any substantial value.

[2] APPEAL—INSUFFICIENT PRESENTATION OF POINTS.—The appellate court cannot be expected to search the record for grounds of alleged error, where neither argument nor authority, nor any reference to the evidence whatsoever, is urged by the appellant in support of her contentions.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Griffith Jones and John J. Craig for Appellant.

Kemp, Mitchell & Silberberg for Respondent.

RICHARDS, J.—This action was instituted during the lifetime of one M. L. Willits, now deceased, through his guardian *ad litem* to have it determined that the defendants held certain real property which, it was alleged, had been purchased with funds belonging to the plaintiff, to have a trust thereon declared in his favor, and to also obtain an accounting for certain other moneys and property alleged to have been received by certain of the defendants from said plaintiff under the circumstances set forth at length in the complaint.

Shortly after the institution of the action M. L. Willits died, and the suit was continued in the name of the administrator of his estate.

Upon the trial of the cause the court made its findings and conclusions of law in the plaintiff's favor, and judgment was accordingly rendered establishing such trust and directing such accounting. The defendant Bertha Helmer appeals.

The facts of the case briefly stated are these: The defendant Emma L. Helmer, daughter of the appellant herein, became acquainted with said M. L. Willits during the year 1911 at Clinton, Iowa, and in the month of November of that year the said M. L. Willits came with the Helmer family to San Diego, California, and thereafter was an inmate of the family up to a short while before his death. Willits at the time of his arrival in California was well along in years and had considerable means in the form of money and also in the form of a valuable piece of property in Illinois, a portion of which latter property he sold in the year 1912 for the sum of fourteen thousand dollars, and the remainder of which he conveyed to the defendant Emma L. Helmer by a deed executed in April, 1914, but which was not recorded until after his death. It is alleged in the complaint, and found by the court, that between the date of the arrival of said M. L. Willits in California and the latter part of the year 1914, the said Emma L. Helmer obtained from him sums of money at various times aggregating in all about twenty thousand dollars, and that she also obtained from him the deed to the farm in Illinois, through undue influence and while he was of unsound mind. It is also alleged in the complaint and found by the trial court, that a large part of the money thus obtained from him was invested

by said Emma L. Helmer in those certain pieces of real estate which are sought to be impressed with a trust. The findings of the trial court are quite full and detailed with respect to the history of the relation between M. L. Willits and the Helmer family from the year 1911 to 1914. The appellant does not in the main attack these findings in such a way as to require us to go into a detailed consideration of the question as to whether they are sustained by the evidence in the case. [1] The chief contention of the appellant seems to be that the evidence is insufficient to justify that portion of finding IV wherein the trial court, dealing with the question as to whether the real properties purchased by the defendant Emma L. Helmer were bought with money received from said Willits, or were purchased, as the defendants claimed, with money belonging to Emma L. Helmer and Bertha Helmer before they came to California, stated in said finding "that the said Emma L. Helmer and the said Bertha Helmer had no property of any substantial value." It is true that both of these defendants testified that Emma L. Helmer had approximately the sum of one thousand two hundred dollars in her possession when she came to California, and that her mother, Bertha Helmer, had at the same time the sum of about nine thousand dollars in money, and that these moneys had been invested in some real estate; but an examination of the record shows that this testimony on the part of said defendants was so surrounded with the elements of uncertainty, improbability, and suspicion as to have entirely justified the trial court in disregarding it.

Upon the question of the undue influence exercised by the Helmers over said Willits it is not necessary to set forth in detail the history of that branch of the case, since the supreme court of this state in the *Matter of the Estate of M. L. Willits, Deceased,* 175 Cal. 173, [165 Pac. 537], has fully reviewed the identical evidence which was introduced in that case and also in this one, in dealing with the relations between the parties and the extent of the undue influence which was exercised by Emma L. Helmer over said Willits in procuring a will to be executed by him in her favor; and in concluding such review the court quite aptly says: "It would be a serious reflection upon the intelligence of the profession if space should be given to a discussion of the sufficiency or

insufficiency of this evidence to support the verdict. It speaks so positively and convincingly as to require no comment."

[2] As to the other points made by the appellant herein they require no extended consideration. The appellant urges as errors of law occurring at the trial and excepted to by the defendants the alleged failure of the court "to grant defendant Bertha Helmer's motion to dismiss said action as to said defendant," and also "the court's failure to grant defendants' motion for a nonsuit"; but neither argument nor authority, nor any reference to the evidence whatsoever, is urged in 'support of either of these contentions, and this court cannot be expected to search the record for grounds of such alleged errors which the appellant has altogether failed to urge.

Judgment affirmed.

Waste, P. J., and Knight, J., *pro tem.*, concurred.